IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

DANIEL SEALS,

        Petitioner,    :        Case No. 2:24-cv-03360

  - vs -                            District Judge Algenon L. Marbley, Jr.
                                      Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                              :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Daniel Seals to obtain relief from his conviction in the Muskingum County Court of Common Pleas on one count of gross sexual imposition (Petition, ECF No. 1).  The case is before the Court on Petitioner's Motion for Discovery in which he seeks (1) to have the full trial transcript filed and (2) to have a deposition taken of his brother James (Motion, ECF No.

The Court ordered Respondent, through the Ohio Attorney General, to file a return to the writ along with "those portions of the state court record needed to adjudicate this case." (Order, ECF No. 2, PageID 19).  In making his Return, the Warden states "The trial transcripts are available, but the Warden did not file them because he does not believe they are necessary to adjudicate this petition."  (ECF No. 6, PageID 256).

The Court treats the Motion as being one to expand the record from what the Respondent

1

filed so that both the Court and Petitioner would have a more complete record of what occurred in the trial court.

However, Petitioner has not shown good cause to add the trial transcripts. He treats Rule 5(c) of the Rules Governing § 2254 Proceedings as requiring the full transcript when he notes that Respondent essentially admits that the State Court Record is incomplete. But the same Rule says the Court may order additional parts of the transcript filed, implying that filing less than the full transcript is permissible if additional portions are not needed to adjudicate the case.

Petitioner's other justification is his statement that "there is no other means for the Petitioner to present what he considers relevant from the transcripts (un-redacted, in full- not in part) in his own defense without this motion." (ECF No. 11, PageID 290). But that is a purely conclusory statement – it does not tell the Court why Petitioner cannot defend without the transcript.

In the second branch of his Motion, Petitioner seeks to have his brother James deposed and offers the questions he wishes to have his brother asked. Presumably he also wanrts the transcribed deposition added to the record for this Court to consider.

However, adding whatever James might say in a deposition to the record is not permissible. The Court is required to decide whether the state courts constitutionally erred in convicting Petitioner by considering only the record that was before those courts without adding additional evidence. *Cullen v. Pinholster,* 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. 366 (2022).

Accordingly, the Motion for Discovery is DENIED.

October 23, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge