# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DANIEL SEALS,

        Petitioner,    :    Case No. 2:24-cv-03360

- vs -        District Judge Algenon L. Marbley, Jr.
        Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

        :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Daniel Seals to obtain relief from his conviction in the Muskingum County Court of Common Pleas on one count of gross sexual imposition (Petition, ECF No. 1).  The case is ripe for decision on the Petition, the State Court Record (ECF No. 5), the Return of Writ (ECF No. 6), and Petitioner's Reply (ECF No. 10).

**Litigation History**

A Muskingum County grand jury indicted Petitioner on April 22, 2021, on fifteen counts of gross sexual imposition on a victim under thirteen years of age in violation of Ohio Revised Code § 2907.05(A)(4).  The case was tried to a jury which found Seals guilty on one count and not

1

guilty on the other fourteen (Verdict, State Court Record, ECF No. 5, Ex. 3). The trial judge sentenced him to fifty-four months imprisonment. *Id.* at Ex. 4

Seals appealed to the Fifth District Court of Appeals which appointed counsel and then affirmed the conviction. *State v. Seals,* 2023-Ohio-1261 (Ohio App. 5th Dist. April 17, 2023), copy at State Court Record, ECF No. 5, at Ex. 9. The Ohio Supreme Court allowed a delayed notice of appeal but then declined to exercise jurisdiction. *State v. Seals,* 171 Ohio St.3d 1510 (2023).

On September 21, 2023, Seals filed a delayed application for reopening under Ohio R. App. P. 26(B) which the court allowed to proceed but found meritless (Judgment, State Court Record, ECF No. 5, Ex. 22). Seals appealed but the Ohio Supreme Court declined to exercise jurisdiction on April 2, 2024. *Id.* at Ex. 25.

Seals placed his habeas corpus Petition in the prison mailing system on June 12, 2024, thereby effectively filing it in this Court. He pleads four grounds for relief:

> **Ground One**: Violations of Due Process under the 5th & 14th Amendments & Fair trial violations under the 6th Amendment.
>
> **Supporting Facts:**
>
> 1. Admission of hearsay evidence over objection.
>
> 2. States [sic] failure to follow procedure to file and submit hearsay evidence.
>
> 3. Submission of hearsay evidence that was contrary to law.
>
> 4. Tainted jury pool in violation of rights to a fair trial.
>
> 5. Sentence contrary to laws and due process.
>
> **Ground Two:** Ineffective Assistance of Appellate Counsel in Violation of the 6th Amendment of the United States Constitution.

2

**Supporting Facts:**

1. Failure to argue ineffective assistance of Trial Counsel.

2. Failure to properly convey the tainted jury issue.

3. Failure to file a motion to certify conflict.

4. Failure to raise a *Daubert* Claim.

**Ground Three**: Ineffective Assistance of Trial Counsel in Violation of the 6th Amendment of the United States Constitution.

**Supporting Facts:**

1. Failure to object to the States [sic] submission of hearsay evidence without a procedurally required motion.

2. Failure to question the scientific method or lack thereof of the "States Expert" CAC testimony & interview by requesting a *Daubert* Hearing.

**Ground Four**: Actual Innocence.

**Supporting Facts:** As claimed throughout his appeal. As evident on "lack of remorse" used against him in sentencing. An innocent person will not show remorse for crimes he did not commit! As evidenced on the leading questioning. As evidenced by the Agent of the state CAC Interviewed [illegible] as a medical provider. As evidenced by the malicious prosecution.

(Petition, ECF No. 1, PageID 15, p. 5-10).

Petitioner's Reply lays out his claims for relief as follows:

I. **Ground One**: Violations Of Due Process Under The 5th & 14th Amendments & Fair Trial Violations Under The 6th Amendment
A. The Cruel And Unusual Sentence Contrary To Statute And The 8th Amendment

II. **Ground Two:** Ineffective Assistance of Appellate Counsel in Violation of the 6th Amendment of the United States Constitution

1. Failure to argue ineffective assistance of trial counsel.
2. Failure to properly convey the tainted jury issue.

3

    3. Failure to file a motion to certify conflict.
    4. Failure to raise a *Daubert* Claim

    **III. Ground Three**: Ineffective Assistance Of Trial Counsel In Violation Of The 6th Amendment Of The United States Constitution

    **IV. Ground Four:** Innocence

(Reply, ECF No. 10, PageID 264).

# Analysis

As will be readily seen, Petitioner phrases his Grounds for Relief differently in the Reply than he did in his Petition. This Report will be structured around the Grounds for Relief as pleaded in the Petition, which is the controlling pleading and the one to which the Return is addressed.[1]

Because Seals is proceeding *pro se* he is entitled to have the Court construe his pleading liberally. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, that does not entitle him to violate rules of procedure in presenting his case. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)(Norris, J.), citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). In particular, a habeas petitioner may not add new claims simply by setting them forth in his reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

**Ground One: Denial of Due Process and Fair Trial**

In his First Ground for Relief, Seals claims he was denied due process and a fair trial in five different ways which will be dealt with here as sub-claims.

---

[1] Habeas corpus procedure provides for only three pleadings and does not provide for a sur-reply to the Reply.

**Sub-claims One, Two, and Three: Admission of hearsay evidence**

In his first three sub-claims, Seals asserts he was denied due process and a fair trial by admission of hearsay over objection and without the State's complying with Ohio rules on pre-trial submission of intended hearsay. These issues were presented to the Fifth District Court of Appeals on direct appeal and decided as follows:

> {¶29} In Appellant's second Assignment of Error, Appellant argues the trial court erred in admitting Exhibits 1A and 2. We disagree.
>
> {¶30} "Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County* 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). The appellate court must limit its review of the trial court's admission or exclusion of evidence to whether the trial court abused its discretion. *Id.* The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).
>
> {¶31} Evid.R. 803, in pertinent part states:
>
>> **(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
>
> {¶32} To determine "whether statements made to a forensic interviewer at a child advocacy center are made for the purpose of medical diagnosis and treatment, as opposed to forensic investigative purposes, the court must 'identify the primary purpose of the statements.' " *State v. Remy*, 2d Dist. Clark No. 2017-CA-6, 2018-Ohio-2856, ¶82, quoting *State v. Arnold*, 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, ¶28. "Whether the purpose of a child's statements is for medical diagnosis or treatment will depend

5

> on the facts of the particular case." *State v. Jones*, 2d Dist. Montgomery No. 26289, 2015-Ohio-4116, 43 N.E.3d 833, ¶73.
>
> {¶33} In the case at bar, Appellant does not point to specific statements when arguing the inadmissibility of the evidence. Instead, he makes a holistic argument that the entire interview was for forensic investigative purposes, and therefore we will analyze, not whether these statements were made for the purpose of medical diagnosis or treatment, but if the statements erroneously admitted were harmless.
>
> {¶34} In the case *sub judice*, Appellee played the full recording of L.R.'s [the victim] forensic interview over Appellant's objection. Appellant claims some, if not all, of the statements are inadmissible hearsay not covered by the medical diagnosis or treatment exception. However, this Court has previously held that when the "declarant testifies and is examined on the same matters as contained in impermissible hearsay statements, and where admission is essentially cumulative, such admission is harmless." *State v. Burge*, 5th Dist. Stark No. 2016CA00217, 2017-Ohio-7862, ¶30. L.R. testified about the same sexual acts contained in the forensic interview recording, at least fifteen in total. Thus, the admission of L.R.'s recorded statements was harmless.
>
> {¶35} Appellant's second Assignment of Error is overruled.

*State v. Seals, supra.*

In the Fifth District, Seals' argument was limited to the admission of the recording of the victim's forensic interview and did not specify any other hearsay alleged to be erroneously admitted. Petitioner's Second Assignment of Error on appeal was:

> Should this Honorable Court vacate the guilty verdict in this matter because the state's exhibits lA and 2 were not within the hearsay exception of Evid.R. 803(4) and therefore prejudiced the Appellant wherein he did not receive a fair and impartial trial pursuant to his Sixth and Fourteen [sic] Amendment Rights to the United States Constitution.

(Brief of Appellant, State Court Record, ECF No. 5, Ex. 7, PageID 47). Petitioner's counsel argued this Assignment of Error purely in terms of Ohio law; he mentions the Sixth and Fourteenth Amendments in purely conclusory fashion at the end of the argument, but cites no federal law

6

whatsoever. *Id.* at PageID 65. The Fifth District decided the Assignment of Error purely in terms of Ohio law and did not decide any constitutional claim relating to the foresneic interview on the merits.

Seals proceeded *pro se* on his appeal to the Ohio Supreme Court. In his Second Proposition of Law, he claimed error in the Fifth District's finding that admission of the forensic interview was harmless. He did not argue that its admission was unconstitutional and relied on Ohio case law. His sole citation to federal law is to *United States v. Brooks*, 64 M.J. 325 (Court of Appeals for the Armed Forces, Jan. 30, 2007), which he cites for the proposition that the range of false accusations in child sexual abuse cases is from five to twenty per cent. In any event, there is no discussion whatsoever of the Constitution in the opinion.

Seals' claims that admission of the interview deprived him of his constitutional right to a fair trial. The Magistrate Judge concludes that constitutional claim was never fairly presented to the Ohio courts and is therefore procedurally defaulted. For the general standard on procedural default, see *Coleman v. Thompson*, 501 U.S. 722 (1991); *Davila v. Davis*, 582 U.S. 521(2017). A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis;
> (2) relied upon state cases employing federal constitutional analysis;
> (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
> (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). Seals' state court filings do not meet this standard. In particular merely using talismanic constitutional phrases like "fair trial" or "due process of law" as Seals' attorney did on direct appeal and Seals did in his Memorandum in Support of Jurisdiction in the Ohio Supreme Court does not constitute raising a federal

7

constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Even if these sub-claims were not procedurally defaulted, the Court should find they are without merit. The Supreme Court of the United States has never held that admission of hearsay in violation of State rules of evidence is unconstitutional. Violation of state procedural rules does not equate to denial of due process. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

**Sub-claim Four: Tainted Jury Pool**

In his fourth sub-claim, Seals asserts he was denied a fair trial because a person who expressed prejudice against persons who committed child sexual abuse offenses such as those with which he was charged was seated as a juror.

Seals presented this claim as his First Assignment of Error on direct appeal and the Fifth District decided it as follows:

> {¶21} In Appellant's first Assignment of Error, Appellant argues by seating juror 25, the trial court violated Appellant's right to a fair and impartial jury. We disagree.
>
> {¶22} "Pursuant to the Sixth and Fourteenth Amendments, a criminal defendant is guaranteed the right to an impartial and

8

unbiased jury." *Miller v. Webb*, 385 F.3d 666, 672 (6th Cir. 2004); *State v. Froman*, 162 Ohio St.3d 435, 2020-Ohio-4523, 165 N.E.3d 1198, ¶49. The trial court and counsel have broad discretion in a juror's ability to be impartial. *State v. White*, 82 Ohio St.3d 16, 20, 693 N.E.2d 772 (1998). However, "when a juror who has exhibited actual bias against a defendant is seated on the jury, the defendant's Sixth Amendment right to an impartial jury has been violated. *Froman* at ¶49.

{¶23} "Resolution of the impartiality issue rests in large part on the trial court's assessment of the juror's credibility and demeanor, and the context in which the issue arises." *State v. Lloyd*, 8th Dist. Cuyahoga No. 109128, 2021-Ohio-1808, ¶17, citing *Skilling v. U.S.*, 561 U.S. 358, 386, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010). The abuse of discretion standard is more than an error of judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶24} "Actual bias is 'bias in fact'–the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." *United State v. Torres*, 128 F.3d 38,43 (2d Cir. 1997); *see also United States v. Wood*, 299 U.S. 123, 133, 57 S.Ct. 177, 81 L.Ed. 78 (1936). Appellant may show actual bias by either the juror's express admission or circumstantial evidence of the juror's biased attitude. *Hughes v. United States*, 258 F.3d 453, 459 (6th Cir. 2001). Courts have found actual bias when a juror "unequivocally stated she could not be fair due to her law-enforcement bias." *Id.* at 459-460. Courts have also found actual bias when a juror had a fixed opinion of a defendant's guilt based on pretrial publicity. *Irwin v. Dowd*, 366 U.S. 717, 727-728, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).
{¶25} R.C. § 2945.25, in pertinent part, states:

> (B) That the person is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from examination of the juror or from other evidence, that the juror will render an impartial verdict according to the law and the evidence submitted to the jury at the trial[.]

{¶26} In the case *sub judice*, Appellant argues that Juror 25 said on several occasions he cannot be impartial because he expressed that

9

> he finds pedophiles disgusting, that he may have a previously formed opinion of the defendant because "I can't prove he's guilty yet," and that he did not like the idea of hearing about the case because it involved abuse of a child. What Appellant failed to argue in his brief is that Juror 25's daughter was the victim of sex trafficking. However, after an examination by the trial court, the juror indicated that if he is chosen he could be fair, listen to the evidence, be impartial in his judgment, but would prefer not to be chosen. He indicated he understood Appellant is entitled to a presumption of innocence and the burden to prove guilt beyond a reasonable doubt is on the prosecution. It is clear from the trial court's examination of Juror 25, that it was satisfied the juror would render an impartial verdict according to law. Therefore, pursuant to R.C. § 2945.25, the trial court did not abuse its discretion when, after examination of Juror 25, it denied Appellant's challenge for cause.
>
> {¶27} Even assuming *arguendo* that Juror 25 did have actual bias, the State used a preemptory [sic] challenge to dismiss Juror 25. He neither heard evidence nor rendered an opinion in this matter. Therefore, Appellant is unable to show he was prejudiced by the alleged bias of a prospective juror who was dismissed by Appellee during voir dire.
>
> {¶28} Appellant's first Assignment of Error is overruled.

*State v. Seals, supra*.

The Fifth District's decision on Assignment of Error One clearly decides the merits of this sub-claim. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Seals' burden is to show that the Fifth District's decision is an unreasonable application of clearly established Supreme Court precedent.

The Sixth Amendment guarantees a criminal defendant a trial by an "impartial jury."

10

Through the Due Process Clause, that requirement is binding on the States. *McDonald v. Chicago*,561 U.S. 742 (2010), citing *Duncan v. Louisiana*, 391 U.S. 145 (1968). But the test is jurors must be "indifferent as (they stand) unsworne," that is before they are sworn in. *Ristaino v. Ross*, 424 U.S. 589, 596 (1976), citing Coke on Littleton 155b (19th ed. 1832). The whole purpose of voir dire is to expose bias or prejudice and to exclude from the jury that hears the evidence and deliberates anyone who is biased or prejudiced. Although Juror No. 25 was initially seated as the third juror, he was excused before the jury was sworn in and did not deliberate. The Magistrate Judge is not aware of any case in which the Supreme Court has held a defendant is denied a fair trial by an impartial jury when members of the jury venire have been exposed to potentially biasing information. The only Supreme Court case cited in this portion of the Reply is *Fong Yue Ting v. United States*, 149 U. S. 698 (1893), cited at Reply, ECF No. 10, PageID 276. The case has nothing to do with impartial juries, but is about enforcing bans on immigration.

The phenomenon of child sexual abuse is sufficiently widely reported in the news that probably every adult American has been exposed to the story and has formed opinions about it, but it is only when they cannot set those opinions aside that their service on a jury is unconstitutional. Here Juror No. 25 professed an inability to set aside his bias and he was excused. Seals was not denied an impartial jury by Juror 25's announcement of his bias. The only way to prevent such exposure would be to conduct individual voir dire. The Supreme Court has never required that procedure as a matter of Sixth Amendment law.

The decision of the Fifth District that excuse of the biased juror protected Seals' right to an impartial jury is neither contrary to nor an unreasonable application of any Supreme Court precedent. Sub-claim Four should be denied on the merits.

**Sub-Claim Five: Unlawful Sentence**

In his Fifth sub-claim, Seals asserts his sentence violates both Ohio sentencing law and the Cruel and Unusual Punishment Clause of the Eighth Amendment. Seals presented a version of this claim to the Fifth District as his Third Assignment of Error on direct appeal and the court decided it as follows:

> {¶36} In Appellant's third Assignment of Error, Appellant argues the proportionality of the sentence was inconsistent with the principles set forth in R.C. § 2929.11 and factors to be considered in R.C. § 2929.12.
>
> {¶37} This Court reviews felony sentences using the standard of review set forth in R.C. § 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. Subsection (G)(2) sets forth this Court's standard of review as follows:
>
>> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>>
>> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>>
>> (a) That record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929 of the Revised Code, whichever, if any, is relevant;
>>
>> (b) That the sentence is contrary to law.

12

> {¶38} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.
>
> {¶39} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶36.
>
> {¶40} In the case *sub judice*, Appellant does not argue that the sentence was outside the permissible statutory range, but that the trial court failed to consider and weigh the principles set forth in R.C. § 2929.11 and factors listed in R.C. § 2929.12 appropriately. However, upon review of the record, the trial court noted it considered the facts and circumstances of the case and, when given multiple opportunities to show remorse by the court in the sentencing hearing, Appellant demonstrated a complete lack of remorse for his crime. The trial court then sentenced Appellant to fifty-four months in prison. Therefore, we find the sentence is not clearly and convincingly contrary to law. The sentence is within the statutory range, and the trial court considered the principles set forth in R.C. § 2929.11 and factors listed in R.C. § 2929.12.
>
> {¶41} Appellant's third Assignment of Error is overruled.

*State v. Seals, supra.*

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction

13

violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). This habeas corpus court has no jurisdiction to decide whether Seals' sentence complies with Ohio statutory sentencing law. See *Levine v. Torvik, supra.*

There is not even a hint of an Eighth Amendment claim in Seals' brief on appeal, nor does the Fifth District's opinion even begin to suggest it thought it was deciding an Eighth Amendment issue. Seals' fifth sub-claim is procedurally defaulted by his failure to present it to the Fifth District on direct appeal and should be dismissed.

**Ground Two: Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Seals claims he received ineffective assistance of appellate counsel in four particulars:

1. Failure to argue ineffective assistance of Trial Counsel.
2. Failure to properly convey the tainted jury issue.
3. Failure to file a motion to certify conflict.
4. Failure to raise a *Daubert* Claim.

In Ohio, the method for presenting a claim of ineffective assistance of appellate counsel is by filing an application to reopen the appeal under Ohio R. App. P. 26(B). The Sixth Circuit has held "In Ohio, claims of ineffective assistance of appellate counsel are not cognizable in the normal course of post-conviction proceedings, and must be raised through an application to reopen the direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B)." *Carter v. Mitchell,* 693 F.3d

14

555, 564 (6th Cir. 2012). See also *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

Seals filed such an application on September 21, 2023, incorporating by reference the claims he had made in an earlier application (Application, State Court Record, ECF No. 5, Ex. 17, incorporating Ex. 15). He asserted appellate counsel provided ineffective assistance when he failed to

1. Assert trial Counsel was ineffective when she failed to object to the State's failure to file a motion to submit hearsay evidence pursuant to Evidence Rule 803(4).
2. Assert trial counsel was ineffective when she failed to request a *Daubert* hearing.
3. Properly convey the tainted jury issue.
4. File a motion to certify a conflict.
5. Raise a *Daubert* claim.

The Fifth District decided the Application for Reopening on the merits. It recognized the governing standard for ineffective assistance of counsel claims at both the trial and appellate level is provided by *Strickland v. Washington,* 466 U.S. 668 (1984). It concluded that Seals had shown neither deficient performance nor prejudice as required by *Strickland* and denied his Application on the merits (Judgment, State Court Record ECF No. 5, Ex. 22).

As noted above, when a state court decides a constitutional issue on the merits, its decision is entitled to deference unless it is an unreasonable application of relevant Supreme Court precedent. In this instance the governing standard is found in *Strickland, supra*.

In his Reply, Seals makes an argument only about the *Daubert* hearing. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), is not a constitutional decision, but rather a decision of the Supreme Court establishing the standards for admission of scientific evidence under the Federal Rules of Evidence, not the Due Process Clause. Ohio has adopted a standard parallel

15

to *Daubert* in its version of Evidence Rule 702. If proffered evidence were plainly excludable for violating that rule and the evidence was harmful to a defendant, failure to move to exclude the evidence could be deficient performance under *Strickland*. If, for example, a prosecutor proposed to offer testimony from an astrologer that people born under the same "sign" as a defendant were likely to commit child abuse, failure to raise a Claim under Ohio R. Evid. 702 would be deficient performance under *Strickland*. But we have nothing like that here. Seals has cited no case law finding it to be deficient performance to fail to file a motion in limine under Rule 702. Accordingly, the Fifth District's decision is entitled to deference on this issue (Sub-claims 2 and 5).

To evaluate a claim of ineffective assistance of appellate counsel, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id., citing Wilson.* The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S.

16

1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). Seals has presented no argument to show that a *Daubert* motion would have been successful, much less that a failure-to-file Daubert assignment of error would have been successful.

The third asserted incident of ineffective assistance of appellate counsel is appellate counsel's failure to "properly convey" the tainted jury issue. In rejecting this claim, the Fifth District wrote: "Appellant has misstated the facts and has failed to show how he suffered any prejudice from having a potential juror with alleged bias in the jury pool but dismissed before the final jury was empaneled." (Judgment, State Court Record, ECF No. 5, Ex. 22, PageID 183). Seals argues the tainted jury issue at length in his Reply but does not speak to the question of how his appellate attorney could have presented the issue differently that would have been successful and indeed why he was compelled by professional standards of practice to present it in that way.

The tainted jury issue is without merit because the juror of whom Seals complains was not sworn and did not deliberate and deliver a verdict. Seals offers no suggestion of how the argument could have been made differently and successfully. The third sub-claim of ineffective assistance of appellate counsel should be dismissed for lack of merit.

The fourth asserted instance of ineffective assistance of appellate counsel is failure to request the Fifth District to certify a conflict. The appellate court rejected this claim on the merits, finding that the cases cited by Seals as supposedly in conflict were inapposite. Thus any motion to certify a conflict would have failed and it cannot be ineffective assistance of appellate counsel to fail to make a meritless motion. Failing to raise wholly meritless claims is neither deficient nor

prejudicial. *Moody v. United States,* 958 F.3d 485, 492 (6th Cir. 2020), citing *Bennett v. Brewer,* 940 F.3d 279, 286-87 (6th Cir. 2019); *Sutton v. Bell,* 645 F.3d 752, 755 (6th Cir. 2011). *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) ("The failure to raise a meritless claim does not constitute ineffective assistance of counsel."). Seals' Reply makes no response to this decision. Therefore the Fifth District's decision is entitled to deference and this fourth sub-claim should be dismissed.

All of Petitioner's asserted instances of ineffective assistance of appellate counsel are without merit. Therefore his Second Ground for Relief should be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Seals claims he received ineffective assistance of trial counsel when his trial attorney failed to object to the admission of hearsay evidence by requiring the State to comply with Ohio procedure requiring a pre-trial motion as to hearsay and failed to request a *Daubert* hearing.

This Ground for Relief is procedurally defaulted by Petitioner's failure to raise it on direct appeal. These two omissions by trial counsel are able to be litigated on the face of the appellate record. That is, the appellate record shows the failure of trial counsel to file these two motions, but no ineffective assistance of trial counsel claim was made on direct appeal.

Procedural default in failing to raise an issue on direct appeal can be excused if the cause is ineffective assistance of appellate counsel. However, that claim must be independently litigated and result in a conclusion of ineffective assistance of appellate counsel in the state courts before it can be used as an excuse. *Edwards v. Carpenter*, 529 U.S. 446 (2000). As reported above, the

Fifth District considered Seals' claims of ineffective assistance of appellate counsel and rejected them, on the merits, thus depriving Seals of that excuse.

Petitioner's Third Ground for Relief should therefore be dismissed with prejudice.

**Ground Four: Innocence**

In his Fourth Ground for Relief, Seals claims he should be released because he is innocent. Ground Four does not set forth a claim cognizable in habeas corpus. *Herrera v. Collins*, 506 U.S. 390 (1993).

Seals claims that he has consistently asserted his innocence throughout these proceedings. Indeed, he explains his failure to show remorse at sentencing by claiming that innocent persons do not show remorse. But a duly-empaneled jury has found Seals guilty and this Court lacks authority to substitute its judgment for that of the jury.

Seals' Fourth Ground for Relief should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 22, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #