IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

DANIEL SEALS,

        Petitioner,   :        Case No. 2:24-cv-03360

  - vs -               District Judge Algenon L. Marbley
                                Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                         :
        Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION ON DISCOVERY AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON THE MERITS

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Daniel Seals to obtain relief from his conviction in the Muskingum County Court of Common Pleas on one count of gross sexual imposition (Petition, ECF No. 1). The Magistrate Judge both denied Petitioner's Motion for Discovery (ECF No. 12) and recommended dismissing the Petition with prejudice (the "Report," ECF No. 13). Petitioner has timely objected to both Magistrate Judge filings (ECF Nos. 14 & 15) and District Judge Marbley has recommitted both for reconsideration in light of the Objections (ECF No. 16).

1

**Motion for Discovery**

Petitioner's Motion for Discovery sought in part[1] to have his brother James deposed and have the transcript of that deposition added to the record. The undersigned denied that request because

> [A]dding whatever James might say in a deposition to the record is not permissible. The Court is required to decide whether the state courts constitutionally erred in convicting Petitioner by considering only the record that was before those courts without adding additional evidence. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Ramirez*, 596 U.S. 366 (2022).

(Decision, ECF No. 12, PageID 296).

In his Objections, Petitioner argues that his brother's deposition would support his Fourth Ground for Relief, Actual Innocence. Moreover, he claims there is Supreme Court support for adding the deposition, arguing:

> The Supreme court has previously ruled that "We have never held that presentation of additional facts to the district court, pursuant to that court's directions, evades the exhaustion requirement when the prisoner has presented the substance of his claim to the state courts. See *Picard, supra*, at 278. " *Vasquez v. Hillery*, 474 U. S. 254, 106 S. Ct. 617 (1986) "If a petitioner can point to specific evidence that might be discovered that would support a constitutional claim, he has established good cause for further discovery. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994):'*Marshall v. Hendricks*, 103 F. Supp. 2d 749 (D. N.J. 2000).

(ECF No. 15, PageID 327).

For reasons given in the Report and reiterated below, actual innocence is not a cognizable ground for relief in habeas corpus. But even if it were, the deposition would not be admissible. *Vasquez* was decided in 1986. In 2011 the Supreme Court decided *Cullen v. Pinholster,* 563 U.S.

---

[1] The other portion of the Motion was to have the unredacted trial transcripts added to the record. Petitioner has not objected to the denial of that portion of the Motion.

170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020). To the extent it would authorize admitting new evidence to challenge the state court's factual findings and conclusions in this case, *Vasquez* is no longer "good" (i.e. controlling) law.

Accordingly, Petitioner's Objections to the Decision on Discovery are not well taken and should be overruled.

**Objections on the Merits**

Seals pleads four grounds for relief in his Petition, then states them differently in his Reply. The Report is structured around the claims as they are pleaded in the Petition because that is the pleading Respondent was charged to answer; a habeas petition cannot be amended by the traverse. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

**Ground One: Denial of Due Process and a Fair Trial**

In his first Ground for Relief, Seals asserts he was denied "due process and a fair trial" in five different ways, treated in the Report as sub-claims.

In the first three sub-claims, Seals argues that the victim's statements during a forensic interview were inadmissible hearsay and should have been excluded on that basis and also because they had not been submitted pre-trial for an *in limine* evaluation. Seals' appellate counsel, a

3

different attorney from the trial attorney, raised this issue and the Ohio Fifth District Court of Appeals decided it against Seals.

Seals appealed *pro se* to the Ohio Supreme Court and took issue only with the Fifth District's finding that admission of the interview was harmless. The Ohio Supreme Court declined jurisdiction and thus did not decide this claim. *State v. Seals,* 171 Ohio St.3d 1510 (2023).

Applying the Sixth Circuit standard from *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017), the Report found these first three sub-claims had not been fairly presented as federal constitutional claims to the Ohio courts (Report, ECF No. 13, PageID 303).

Seals objects that he did present these claims as constitutional claims (Objections, ECF No. 14, PageID 317), citing *Davila v. Davis*, 582 U. S. 521(2017), and arguing his claims now as violations of the Confrontation Clause. While Seals certainly could have argued these sub-claims as violations of the Confrontation Clause, the point of the Report is that he did not. There is a robust contemporary development of Confrontation Clause jurisprudence, sparked by Justice Scalia's opinion for the Court in *Crawford v. Washington*, 541 U.S. 36 (2004), which Seals cites in his Objections. But *Crawford* and the Confrontation Clause were never argued to the state courts in this case.

The whole point of the fair presentation doctrine is that state courts must be given a fair opportunity to pass on the merits of constitutional claims eventually presented in habeas corpus. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). Seals simply did not present these hearsay claims as constitutional claims to the Ohio courts. Because of this procedural default, this Court is not free to decide these claims *de novo*.

Seals' next objection is to the Report's reliance on *Levine, supra*, for the proposition that

4

it is not a denial of due process *per se* for a State to fail to follow its own procedures. Seals asks:

> Is the Magistrate saying that Ohio's failure to follow Federal law is ok, saying that precedent is wrong? Such as: "no man is to be convicted on unconstitutional evidence. Cf. *Rochin v. California,* 342 U. S. 165, 173 (1952). *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684 (1961); or when the Federal Courts told Ohio it needed to do something about constitutional claims. In 1949 the United States Supreme Court took the position in *Young v. Ragen* [337 U.S. 235] that it was incumbent upon the states to provide some clear, meaningful avenue for prisoners to seek review of claims that their federal constitutional rights had been violated. " The Postconviction Review Dilemma in Ohio, 44 Ohio St. L. J. 537 [1992].

(Objections, ECF No. 14, PageID 318).

This objection misreads the Report. The Supremacy Clause of the Constitution requires every judge, state or federal, to swear to uphold the United States Constitution which includes applying federal law when it is applicable. *Rochin* and *Mapp* are good controlling law. It is unconstitutional to convict a person on the basis of evidence unconstitutionally seized. But claims that evidence has been unconstitutionally seized must be raised in the ordinary course of criminal proceedings. If a defendant fails to present a claim that evidence is unconstitutional when it first arises, that claim is procedurally defaulted and forfeited. It cannot be later raised unless the defendant can show cause and prejudice for failing to raise it earlier.

As is evident from its citation, *Levine* is not a Supreme Court case. It is, however, a published decision of a court superior to this one in the judicial hierarchy and therefore must be followed. *Hutto v. Davis*, 454 U.S. 370, 375 (1982). The import of *Levine* is that not every procedure required by state law is part of the concept of "due process" under the Fourteenth Amendment. As applicable to this case, there is no federal constitutional precedent requiring that potential hearsay questions be submitted to a state trial court for consideration before trial.

The Magistrate Judge agrees with Petitioner's reading of *Young v. Ragen*, but Ohio has

adopted procedures for presenting post-conviction claims that criminal convictions are infected with constitutional error, to wit, by petition for post-conviction relief under Ohio Revised Code § 2953.21 and application for reopening of an appeal under Ohio R. App. P. 26(B) for claims of ineffective assistance of appellate counsel. Indeed, the undersigned was privileged to serve on the Oho Supreme Court Rules Advisory Committee when it recommended 26(B) in the wake of *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).

The Magistrate Judge remains persuaded that Petitioner's sub-claims one, two, and three relating to admission of the forensic interview are barred from merits consideration by Petitioner's unexcused default in presenting them to the Ohio courts.

**Sub-claim Four: Tainted Jury Pool**

In his fourth sub-claim, Seals asserts he was denied a fair trial because a person who expressed prejudice against persons who committed child sexual abuse offenses such as those with which he was charged was seated as a juror.

It is true that a prospective juror expressed during voir dire a prejudice against persons who commit sexual abuse of children. Although initially seated as a juror however, this person, Juror No. 25, was removed on a peremptory challenge and never participated in deliberations or was he alone with the jurors who did deliberate.

In contrast to sub-claims one, two, and three, this claim was presented to the Fifth District as a federal constitutional claim and denied by that court on the merits. The Report recommended deferring to that decision under 28 U.S.C. § 2254(d)(1)(Report, ECF No. 13 PageID 307). While Seals objects, he gives no authority for that objection (Objections, ECF No. 14, PageID 320). It is of course true that the general bias against child sexual abusers does not excuse denying a person

6

thus charged their due process rights. But Seals was not denied that right in voir dire. If the trial court had not permitted inquiry into possible bias against those accused of child abuse, Seals' attorney would have had no basis for excusing Juror No. 25. The whole point of voir dire is to ferret out biases which would otherwise remain hidden.

**Sub-Claim Five: Unlawful Sentence**

In this sub-claim Petitioner asserts his sentence violates both Ohio sentencing law and the Cruel and Unusual Punishment Clause of the Eighth Amendment. The Report recommends denying Sub-claim Five because this federal habeas court has no authority to enforce Ohio sentencing law (Report, ECF No. 13, PageID 309-10, again relying on *Torvik)*. As to the Cruel and Unusual Punishment claim, the Report found it procedurally defaulted by failure to fairly present it to the Ohio courts. *Id.* at PageID 310.

Petitioner objects that any procedural default should be excused by the ineffective assistance of his appellate attorney, citing *Hall v. Vasbinder*, 563 F.3d 222 (6th Cir. 2009)(ECF No. 14, PageID 320). While ineffective assistance can excuse a procedural default, that argument must first be presented to the state courts in the ordinary course of procedure and their decision, if it was presented, is entitled to deference under 28 U.S.C. § 2254(d)(1) unless it falls below the standard in that case. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020). Seals made no claim in his 26(B) application that his appellate attorney was ineffective for failing to claim that his sentence violates the Cruel and Unusual Punishment Clause Application (State Court Record, ECF No. 5, Ex. 15). Because his claim of ineffective assistance of appellate counsel in this regard it itself procedurally defaulted, he cannot rely on it to

7

excuse his procedural default in presenting this claim to the Ohio courts. Sub-claim Five of Ground One should be dismissed.

**Ground Two: Ineffective Assistance of Appellate Counsel**

As just noted, Ohio provides a procedure for raising claims of ineffective assistance of appellate counsel, to wit by filing an Application for Reopening under Ohio R. App. P. 26(B). Seals filed a 26(B) Application which the Fifth District decided on the merits, applying the correct governing law set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). The Report concluded that the Fifth District's denial of the 26(B) Application was not an objectively unreasonable application of *Strickland* and it was therefore entitled to deference under the AEDPA (ECF No. 13, PageID 311).

Although Seals had pleaded that his appellate counsel provided ineffective assistance in five particulars, he only argued two of them in his Reply/Traverse, to wit, that appellate counsel provided ineffective assistance by not asserting (1) that the trial court had erred by not holding a hearing pre-trial to assess the scientific evidence the State offered and (2) trial counsel had been ineffective in not asking for such a hearing. Seals argues such a hearing was required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

The Report rejected Ground Two because Seals had failed to cite any case law holding failure to seek a *Daubert* hearing was defective performance under *Strickland* or that failure to hold such a hearing made scientific evidence inadmissible (Report, ECF No. 13, PageID 312).

Seals' entire objection on this claim is that the undersigned did not "properly employ *Mapes*" in deciding this claim (Objections, ECF No. 14, PageID 320). The reference is to *Mapes*

*v. Coyle*, 171 F.3d 408 (6th Cir.1999), where the Sixth Circuit laid out the factors to be considered when an ineffective assistance of appellate counsel claim is before the habeas court for consideration *de novo*, i.e. where the claim is preserved but the state courts did not decide it on the merits. That is not the situation here. Because the Fifth District considered Seals' ineffective assistance of appellate counsel claims on the merits, its decision is entitled to deference unless it is an objectively unreasonable application of United States Supreme Court precedent. While *Mapes* continues to be good law for the situation to which it is directed (*de novo* review), it does not control here: the Supreme Court has not held that a state court decision on the merits of an ineffective assistance of appellate counsel claim is not entitled to deference unless it considers all the possible errors *Mapes* catalogues. The undersigned did not analyze this ineffective assistance of appellate counsel claim in terms of *Mapes* because *Mapes* is not Supreme Court precedent. As previously recommended, Ground Two should be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Seals claims he received ineffective assistance of trial counsel when his trial attorney (1) failed to object to the admission of hearsay evidence by requiring the State to comply with Ohio procedure requiring a pre-trial motion as to intended hearsay evidence and (2) failed to request a *Daubert* hearing. The Report recommended dismissing Ground Three as procedurally defaulted because it could have been raised on direct appeal and was not (Report, ECF No. 13, PageID 314-15).

Seals objects that he did raise this claim in his 26(B) Application and it is therefore not procedurally defaulted. However under Ohio law raising a claim in a 26(B) application which was available to be raised on direct appeal but was not raised there is barred by *res judicata*. These

9

two failure of trial counsel were evident on the face of the appellate record but not pleaded as assignments of error in that proceeding.

Under those circumstances, *res judicata* applies. Issues that could have been raised on direct appeal and were not are *res judicata* and not subject to review in subsequent proceedings. *State v. Davis*, 119 Ohio St.3d 422, ¶ 6 (2008). Citing *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37; *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143, 652 N.E.2d 710. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).

The Magistrate Judge remains persuaded merits consideration of Ground Three is barred by *res judicata*.

**Ground Four: Innocence**

In his Fourth Ground for Relief, Seals claims he should be released because he is innocent. The Report recommended dismissing this claim because it is not cognizable in habeas corpus, that is, it does not state a constitutional claim on which habeas corpus relief can be granted, relying on *Herrera v. Collins*, 506 U.S. 390 (1993)(Report, ECF No. 13, PageID 315).

Seals objects, but does not quarrel with this Court's reading of *Herrera.* Instead, he makes a lengthy argument about the procedural inadequacy of Ohio's post-conviction review process

(Objections, ECF No. 14, PageID 323-25). *Herrera* is a substantive, not a procedural decision. In *Herrera* the Supreme Court squarely held that actual innocence, however, proved, is not a basis for release. The Court has never deviated from that holding. The law as it has developed since then is that proof of actual innocence provides a "gateway" through which a habeas petitioner may pass to show his conviction is tainted with other constitutional violations. See *Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Seals begins his objections on Ground Four by criticizing the undersigned's reliance on *Shinn v. Ramirez*, 596 U.S. 366 (2022). But there was no reliance on *Shinn* in recommending dismissal of Ground Four. *Shinn* restricts the evidence a federal court can consider in evaluating a state court conviction. *Herrera* holds that no matter what evidence a petitioner has that he is actually innocent, that proof alone cannot justify habeas relief.

Seals argues that in *Shinn* "four[2] Federal judges agreed Barry Jones might well be innocent, but The Supreme Court ruled its [sic] somehow ok to still put the man to death, is wrong on so many levels." Seals criticizes the undersigned's citation of *Shinn*:

> This denotes the bias of the Magistrate toward the State and only interested in the appearance of integrity, not the actual integrity of the Justice System.

(Objections, ECF No. 14, PageID 324).

The rule of law requires lower court judges to follow the decisions of higher courts whether or not they approve of the precedent or would have decided the case the same way. Appellate courts decide cases by majority vote. *Roe v. Wade*, 410 U.S. 113 (1973), produced strong dissents on the Court and sustained opposition from the American population. There is, however,

---

[2] The division of the Court in *Shinn* was six to three. Justice Thomas wrote for the Court, joined by Justices Alito, Gorsuch, Kavanaugh, Barrett, and the Chief Justice. Justice Sotomayor dissented, joined by Justices Breyer and Kagan.

absolutely no doubt it was binding precedent until it was overruled by *Dobbs v. Jackson Women's Health Organization,* 597 U.S. 215 (2022). Many people believed *Roe* was "wrong on many levels." However wrong *Shinn* may be, it is the law. And in any event, it is not the precedent which makes Ground Four non-cognizable. That is *Herrera, supra*.[3] Ground Four should be dismissed with prejudice.

**Conclusion**

Having reconsidered the merits and the denial of discovery, the undersigned concludes neither was in error. Therefore the objections regarding discovery should be overruled and the Petition dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 3, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[3] Seals also claims my bias in favor of the State is shown by my recommended decision in another habeas corpus case, *Farthing v. Jay Forshey, Warden*, 2024 U. S. Dist. LEXIS 101269 (S.D. Ohio June 6, 2024)(Objections, ECF No. 14, PageID 324). The reader can decide for himself or herself whether that opinion demonstrates bias. However, the recommendation was adopted by District Judge Watson who also denied Farthing a certificate of appealability. 2024 U.S. Dist. LEXIS 144744. The Sixth Circuit has yet to decide whether to grant a certificate of appealability.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #