**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **DANIEL SEALS,** | : | |
| | : | |
| **Petitioner,** | : | **Case No. 2:24-cv-03360** |
| | : | |
| **- vs -** | : | **District Judge Algenon L. Marbley** |
| | : | |
| | : | **Magistrate Judge Michael R. Merz** |
| **WARDEN, Noble Correctional,** | : | |
| **Institution,** | : | |
| | : | |
| **Respondent.** | : | |

## OPINION AND ORDER

This habeas corpus action under 28 U.S.C. § 2254, brought *pro se* by Petitioner Daniel Seals to obtain relief from his conviction in the Muskingum County Court of Common Pleas on one count of gross sexual imposition (Petition, ECF No. 1), is before the Court on Petitioner's Objections (ECF Nos. 14, 20) to the Magistrate Judge's Report and Recommendations (ECF No. 13) and Supplemental Report and Recommendations on the merits (ECF No. 17). The Magistrate Judge also denied Petitioner's Motion for Discovery (ECF No. 12) and Petitioner has objected to that decision.

As required by Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b), the District Judge has reviewed the Magistrate Judge's order on discovery for clear error and the Reports *de novo*, with particular attention to those portions to which Petitioner has particularly objected.

## DISCOVERY

The Magistrate Judge denied discovery in the form of a deposition of Petitioner's brother because this Court must decide the case on the basis of the record before the state courts who decided the claims Petitioner makes, relying on *Cullen v. Pinholster,* 563 U.S. 170 (2011). The

authority relied on by Petitioner pre-dates *Pinholster* and has essentially been overruled by it.  The Court recognizes that *Pinholster* made a significant change in the law, but this Court is not at liberty to reject current Supreme Court precedent in favor of earlier law.

The Magistrate Judge also denied that portion of the Motion for Discovery which sought to compel the Respondent to file those portions of the trial transcript which had not been filed before.  The Magistrate Judge rejected this request by relying on that portion of Rule 5 of the Rules Governing § 2254 Cases, which provides for filing those portions of the State Court Record needed to decide the case.  Petitioner's objection relies on his conclusory claim that he needs the omitted portions of the transcript to argue the case:  he makes no showing of why that is so.  The authority on which he relies, *Adams v. Holland,* 330 F.3d 398 (6th Cir. 2003), decided that a particular part of the transcript which had not been filed was material to the case, to wit, the closing arguments. *Id.* at 406.  Indeed, "[a]ppellee d[*Id.*] not contest the materiality of the closing argument transcript." *Id.*  No such showing of materiality has been made here.

The Court concludes the Magistrate Judge did not commit clear error in denying discovery or expansion of the record.  Petitioner's objections to that result are overruled.

## MERITS

Petitioner pleads four grounds for relief in his Petition:

> **Ground One**: Violations of Due Process under the 5th & 14th Amendments & Fair trial violations under the 6th Amendment.
>
> **Supporting Facts:**
>
> 1. Admission of hearsay evidence over objection.
> 2. States [sic] failure to follow procedure to file and submit hearsay evidence.
> 3. Submission of hearsay evidence that was contrary to law.
> 4. Tainted jury pool in violation of rights to a fair trial.
> 5. Sentence contrary to laws and due process.

**Ground Two:** Ineffective Assistance of Appellate Counsel in Violation of the 6th Amendment of the United States Constitution.

**Supporting Facts:**
1. Failure to argue ineffective assistance of Trial Counsel.
2. Failure to properly convey the tainted jury issue.
3. Failure to file a motion to certify conflict.
4. Failure to raise a *Daubert* Claim.

**Ground Three:** Ineffective Assistance of Trial Counsel in Violation of the 6th Amendment of the United States Constitution.

**Supporting Facts:**

1. Failure to object to the States [sic] submission of hearsay evidence without a procedurally required motion.

2. Failure to question the scientific method or lack thereof of the "States Expert" CAC testimony & interview by requesting a *Daubert* Hearing.

**Ground Four:** Actual Innocence.

**Supporting Facts:** As claimed throughout his appeal. As evident on "lack of remorse" used against him in sentencing. An innocent person will not show remorse for crimes he did not commit! As evidenced on the leading questioning. As evidenced by the Agent of the state CAC Interviewed [illegible] as a medical provider. As evidenced by the malicious prosecution.

(Petition, ECF No. 1, PageID 15, p. 5-10).

Petitioner offered a re-framing of the grounds for relief in his Reply, but the Magistrate Judge analyzed the case in terms of the original Petition because it is inappropriate to allow substantial revision in a traverse/reply since those are not the claims which the Respondent has answered.

Petitioner objected to the Report (ECF No. 14), and the Court recommitted the case to the Magistrate Judge (ECF No. 16). The Magistrate Judge has filed a Supplemental Report and Recommendations (ECF No. 18), and the case is before the Court on Petitioner's Objections to the

Supplemental Report (ECF No. 20).

**GROUND ONE**

As to the First Ground for Relief, the Magistrate Judge concluded the first three sub-claims were procedurally defaulted because they had not been fairly presented to the Ohio courts as federal constitutional claims.  Alternatively, he concluded they were without merit because the Supreme Court of the United States has never held the admission of hearsay evidence violates the Constitution (Report, ECF No. 13, PageID 301-04).  On the tainted jury pool sub-claim, the Magistrate Judge concluded that the decision of the Ohio Fifth District Court of Appeals on this claim was entitled to deference because it was neither contrary to nor an unreasonable application of Supreme Court precedent:  the venireman who expressed prejudiced views was excused and did not sit. *Id.* at PageID 304-07. Finally, the Report found the fifth sub-claim as pleaded raised only a state law issue over which this Court had no jurisdiction and the claim had not been fairly presented as a federal claim.  *Id.* at PageID 308-10.

With respect to the First Ground for Relief, Petitioner argues that the first three sub-claims were fairly presented as federal constitutional claims to the Ohio courts because in his Memorandum in Support of Jurisdiction to the Ohio Supreme Court he claimed "In this case, the 5th, 6th, and 14th Amendments of the US Constitution. . . have been violated and ignored by the Lower Courts." (Supplemental Objections, ECF No. 20, PageID 348, quoting Memorandum in Support of Jurisdiction, State Court Record, ECF No. 5, Ex. 13, PageID 119).

Seals' objection is not well-taken.  The Magistrate Judge found this claim procedurally defaulted because it had not been fairly presented to the Ohio Fifth District Court of Appeals:  the reference to the federal Constitution had been only conclusory and not supported by citation to federal law (Report, ECF No. 13, PageID 302-03).  Under Ohio law an issue cannot be raised for

the first time on appeal from the Court of Appeals to the Ohio Supreme Court, so the Ohio Supreme Court would not have considered the federal issue because it was being raised for the first time.

Moreover, attempting to raise a federal issue by conclusory reference to an Amendment is insufficient to present that issue fairly.  Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue.  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same).

Finally, Ohio Sup. Ct. Rep. R. 4.1 provides  "The refusal of the Supreme Court to accept any case for review shall not be considered a statement of opinion as to the merits of the law stated by the trial or appellate court from which review is sought."  The decision which this Court must review for reasonable compliance with clearly established federal law under 28 U.S.C. § 2254(d)(1) is that of the Fifth District Court of Appeals, not the denial of review by the Ohio Supreme Court.  There is absolutely no mention of the Confrontation Clause or federal case law construing it in Seals' Brief on direct appeal (State Court Record, ECF No. 5, Ex. 7).

**GROUND TWO**

In the Second Ground for Relief, Seals claims he received ineffective assistance of appellate counsel.  The Magistrate Judge noted these claims had been properly presented to the Fifth District Court of Appeals in an Application for Reopening under Ohio R. App. P. 26(B) and decided by that court on the merits, applying the governing federal standard from *Strickland v. Washington,* 466 U.S. 668 (1984). The Report concluded this was not an objectively unreasonable

application of *Strickland* and was therefore entitled to deference. *Id.* at PageID 310-14.

Seals' Supplemental Objections assert the Magistrate Judge did not properly apply *Mapes v. Coyle*, 171 F.3d 408 (6th Cir. 1999), in analyzing this Ground for Relief (ECF No. 14, PageID 321). Seals makes no argument as to which factors alluded to in *Mapes* would count in his favor, but merely relies on the conclusory citation to *Mapes*.

More importantly, *Mapes* was a habeas case filed in 1991, five years before adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Because AEDPA was not applicable to cases filed before its enactment, the Sixth Circuit applied pre-AEDPA standards of review. 171 F.3d at 413. The circuit court had no opinion of a state court on the ineffective assistance of appellate counsel to consider. Indeed, Ohio R. App. P. 26(B) providing a state court remedy for ineffective assistance of appellate counsel was not adopted until 1992. Seals' objection based on *Mapes* is without merit.

### GROUND THREE

The Report found Seals' Third Ground for Relief – ineffective assistance of trial counsel – was procedurally defaulted because it has not been raised on direct appeal (ECF No. 13, PageID 314-15). In his first Objections, Seals argued this procedural default was excused by the ineffective assistance of appellate counsel in failing to present this claim (ECF No. 14, PageID 322). In the Supplemental Report, the Magistrate Judge concluded this claim was barred by the Ohio doctrine of *res judicata* which bars claims which could have been but were not raised on direct appeal (Supplemental Report, ECF No. 17, PageID 340).

In his Supplemental Objections, petitioner claims *res judicata* does not apply, but the Sixth Circuit has repeatedly held that Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision.

*Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

## GROUND FOUR

The Magistrate Judge concluded the Fourth Ground for Relief – actual innocence – did not state a claim upon which habeas corpus relief could be granted (Report, ECF No. 13, PageID 315).

Seals initially objected that the Magistrate Judge was being controlled by confirmation bias and had recently denied relief on a similar actual innocence claim in *Farthing v. Forshey,* 2024 U. S. Dist. LEXIS 101269 (S.D. Ohio June 6, 2024). Seals fails to note that Magistrate Judge Merz's Report in *Farthing* was adopted by the assigned District Judge who also denied a certificate of appealability, meaning no reasonable jurists would disagree on this point. *Farthing v. Forshey,* 2024 U.S. Dist. LEXIS 144744 (S.D. Ohio, Aug. 14, 2024). That decision has not been reversed on appeal, although an appeal is pending.

Seals claims the bias of the Magistrate Judge is shown by a Lexis citation which supposedly shows the Magistrate Judge's Report in this case has already been adopted (Supplemental Objections, ECF No. 20, PageID 356-57). Not so. The citation, 2024 U.S. Dist. LEXIS 218354, is to the Magistrate Judge's Supplemental Report, and not any adoption order. The editorial comment of the LEXIS editor about the content of the cited opinion is simply wrong.

At the beginning of his Supplemental Objections on Ground Four, Petitioner explains that he should not have compartmentalized his actual innocence claim because it is not a stand-alone claim (ECF No. 20, PageID 355). This is the point the Magistrate Judge was making in the initial Report: actual innocence, standing alone, does not entitle a habeas petitioner to relief. See *Herrera*

*v. Collins*, 506 U.S. 390, 408-11 (1993). Actual innocence, if shown by new reliable evidence of a certain quality, can act to excuse procedural default or missing the statute of limitations deadline. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). However, proof of actual innocence requires presentation of new evidence not considered by the jury which, when considered with the evidence the jury did hear, shows that no juror, acting reasonably, would have voted to find the defendant guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U. S. 298 at 329 (1995). Seals has presented no new evidence at all.

Considered as a stand alone claim, Petitioner's Fourth Ground for Relief does not state a claim upon which relief can be granted. Considered as a claim to excuse procedural default, it does not meet the standard of *Schlup v. Delo, supra.*

## CONCLUSION

Having considered the Magistrate Judge Reports and Petitioner's Objections *de novo,* the Court concludes the Objections are without merit and they are hereby overruled. The Reports are adopted and the Clerk is directed to enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT JUDGE**

**DATED: November 19, 2025**